U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JAN 29 2010

TONY R. MO------RK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HAROLD MCSWAIN, ET AL. | CIVIL ACTION NO: 09-1969 |
| VERSUS | JUDGE DONALD E. WALTER |
| CHESAPEAKE ENERGY CORP., ET AL. | MAGISTRATE JUDGE HORNSBY |

### ORDER

Before the Court is a Motion to Remand this action to the 42nd Judicial District Court, DeSoto Parish, Louisiana and Motion for Attorney's Fees, filed by Plaintiffs, Harold McSwain, et al. [Rec. Doc. #9]. This motion is opposed [Rec. Doc. #14].

According to the Plaintiffs' State Court Petition, this action comes to this Court as a result of the following events. The Plaintiffs allege that on or about May 8, 2009, a natural gas well owned by the Defendants malfunctioned and that malfunction lead to the evacuation of Naborton Community. [State Court Petition, Rec. Doc. #1-1 at 4]. The Plaintiffs allege that they were forced to evacuate their community for three days. *Id.* They also allege that they and their property were exposed to gas and other noxious fumes as a result of the malfunction. *Id.* The Plaintiffs do not allege that any of them had to go to the hospital. Finally, the Plaintiffs "allege that their individual claims do not exceed $50,000.00." *Id.* at 5. Subsequently, the Defendants removed this case to the Western District of Louisiana. [Rec. Doc. #1].

The Defendants argue that this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332. According to 28 U.S.C. § 1332(a)(1) "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between–citizens of different States . . . ." The parties do not dispute that they are citizens of different States. Instead, the Plaintiffs contend that "each individual plaintiff's claim does not exceed $75,000." [Motion to Remand, Rec. Doc. #9-1 at 2]. Both parties concede that the governing case in the Fifth Circuit for this dispute is *De Aguilar, et al. v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). There, the Fifth Circuit held that the mere fact that the Plaintiffs plead an amount of damages below the jurisdictional amount for federal courts is not controlling on whether an individual claim is worth more than $75,000. *Id.* at 1409-10. As a result, the Fifth Circuit held "that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *Id.* at 1411. To demonstrate that a claim does not exceed the jurisdictional amount, the Fifth Circuit suggests that a Plaintiff could cite "a state law that prohibits recovery of damages that exceed those requested" or "litigants . . . must file a binding stipulation or affidavit with their complaints . . . ." *Id.* at 1412 (internal citations omitted).

    Turning to the case at the hand, Plaintiffs alleged in their complaint that no individual claims exceeded $50,000. There are no provisions of the Louisiana Civil Code that explicitly hold that a petitioner is bound by that requested amount. However, there are a number of cases from the Louisiana Supreme Court that hold that such a statement in a petition is a binding stipulation by the Plaintiffs and thus a court is without jurisdiction to award the Plaintiffs any more. See, *Miller vs. Lammico*, 973 So.2d 693 (La. 2008) and *Bullock v. Graham*, 681 So.2d 1248 (La. 1996), *abrogated on other grounds by Benoit v. Allstate Ins. Co.*, 773 So.2d 702 (La. 2000). Furthermore, from this Court's reading of the petition, it is not facially apparent that the Plaintiffs could recover more than $75,000. The State Court Petition merely alleges the financial

costs for evacuating for 3 days and the exposure to the noxious fumes. They were not physically injured and spent no time in a hospital. Therefore, this Court chooses not to exercise its jurisdiction over the present matter.

Upon due consideration, **IT IS ORDERED** that Plaintiffs' Motion to Remand [Rec. Doc. #9] is hereby **GRANTED** and Plaintiffs' Motion for Attorney's Fees [Rec. Doc. #9] is hereby **DENIED. IT IS FURTHER ORDERED** that Plaintiffs' claims against the Defendants are **REMANDED** to the 42nd Judicial District Court, DeSoto Parish, Louisiana.

**THUS DONE AND SIGNED**, this 29 day of January, 2010.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE